**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUL 28 2004**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

RICHARD LYNN DOPP,

      Plaintiff-Appellant,

v.

RON WARD, Director of DOC,
MELINDA GUILFOYLE, Directors
Designee of DOC, DAYTON J.
POPPELL, Warden, TAMMY
McCLELLAND, Mailroom
Supervisor,

      Defendants-Appellees.

No. 04-6065

W. Dist. of Okla.

(D.C. No. CV-02-1559-T)

## ORDER AND JUDGMENT *

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. **

      Plaintiff-Appellant Richard Lynn Dopp, an Oklahoma prisoner appearing

pro se, brings this 42 U.S.C. § 1983 action alleging that the defendants violated

---

     * This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

     ** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

his constitutional rights by delaying the receipt of his mail and withholding hygiene supplies. We affirm.

## Background

On January 19, 2001, the Oklahoma Court of Civil Appeals sent Dopp a letter containing a court order denying his motion for a rehearing in connection with his divorce lawsuit. Dopp says that the defendants did not tell him of the letter until January 22, 2001, and that they did not let him pick it up until January 24, 2001. As a result, he says, he missed a February 5, 2001 deadline for filing a certiorari petition with the Oklahoma Supreme Court. The district court held that the delay did not rise to the level of a constitutional violation and dismissed the claim with prejudice.

Dopp also alleges that the defendants violated his Eighth Amendment rights by denying him hygiene products for "weeks at a time." The district court found that the alleged deprivations were not sufficiently serious to implicate the Eight Amendment, but nevertheless granted Dopp leave to amend his complaint. Dopp informed the court that he did not intend to amend his complaint. The district court then dismissed the claim, and Dopp brought this timely appeal.

Dopp has moved this court to proceed without prepayment of the appellate filing fee. We grant the motion and remind Dopp that he is still obligated to

make partial payments until the entire fee has been paid. We also grant Dopp's motion requesting leave to modify the record, and his motion to proceed pro se.

## Mail Delay

The Due Process Clause of the Fourteenth Amendment guarantees state inmates the right to adequate, effective, and meaningful access to the courts. *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993). "To present a viable claim for denial of access to courts . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998). This requirement is a constitutional prerequisite. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Moreover, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 355. An injury only occurs when prisoners are prevented from attacking their sentences or challenging the conditions of their confinement. *Id.* at 356. "[I]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* Dopp alleges an injury only with respect to his civil divorce litigation. Moreover, Dopp does not explain how the alleged delay in receiving the Oklahoma Court of Appeals order prevented him from making a deadline falling more than one week after he received the mail. This is not the kind of injury that meets the Constitution's standing requirements. The district court therefore properly dismissed Dopp's claim.

## Denial of Hygiene Items

A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25 (1993). The worst abuse that Dopp can show that he suffered is an eight-day delay in the delivery of hygiene items. R.O.A. doc. 2, exhibit 7. Being deprived of hygiene products for eight days is not sufficiently serious to implicate the Eighth Amendment. *Barney v. Pulshiper*, 143 F.3d 1299, 1310 (10th Cir. 1998). Therefore, the district court correctly dismissed Dopp's complaint.

The district court's decision is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-4-