**F I L E D**

UNITED STATES COURT OF APPEALS

**August 16, 2005**

TENTH CIRCUIT

ALEX RAY COTA,

        Plaintiff-Appellant,

    v.

KERRY GALETKA, Mailroom
Supervisor at the Utah State Prison,
individually,

        Defendant-Appellee.

No. 05-4005

(D. Utah)

(D.C. No. 2:04-CV-1061-TC)

ORDER AND JUDGMENT[*]

Before **EBEL, McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

Alex Ray Cota, an inmate at the Utah State Prison, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In his complaint, Mr. Cota alleged that prison staff denied him access to the courts by refusing to provide him with the extra postage that he needed to mail legal pleadings to a California attorney. Applying Lewis v. Casey, 518 U.S. 343 (1996), the district court concluded that Mr. Cota had failed to state a claim for denial of access to the courts.

The district court reasoned that although the Due Process Clause entitles prisoners to adequate, effective, and meaningful access to the courts, a prisoner must, in order to state a claim for the denial of this right, assert that he suffered some prejudice. Importantly, the prejudice requirement may not be met "by just any type of frustrated legal claim." Id. 518 U.S. at 354. Instead, a prisoner must establish that prison officials have prevented him from challenging his sentence or the conditions of his confinement. Id. The latter claims must be asserted under 42 U.S.C. § 1983 to vindicate "basic constitutional rights." Id. (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)). Here, the court concluded that the complaint failed to meet the prejudice requirement because Mr. Cota alleged only interference with the filing of a personal injury case, which thus involved neither a challenge to his sentence nor the conditions of his confinement.

We review de novo the district court's decision to dismiss sua sponte Mr. Cota's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). "Dismissal of a pro se complaint for failure to state a claim [under § 1915(e)(2)(B)(ii)] is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Because he is proceeding pro se, we must construe Mr. Cota's complaint liberally, holding him to a less stringent standard than formal pleadings drafted by lawyers. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id.

In his appellate brief, Mr. Cota argues that the denial of his request for postage interfered with his prosecution of a claim concerning the denial of medical care while he was incarcerated in California. He maintains that the denial of medical care violated his Eighth Amendment right not to be subjected to cruel and unusual punishment. He thus contends that the district court erred in

concluding that the claim that he sought to prosecute in California did not involve the conditions of his confinement.

Mr. Cota's complaint could have been clearer. Rather than using the ambiguous term "personal injury claim," Rec. doc. 3 at 3 (Complaint, filed Nov. 30, 2004), he could have directly stated that the underlying cause of action involved the conditions of his confinement while incarcerated. He could have explained the alleged denial of medical care that he suffered in the California prison, as he has done in his submissions to this court.

Nevertheless, we agree with Mr. Cota that the district court read his complaint too narrowly. When used by a pro se prisoner, the term "personal injury claim" does not necessarily exclude a § 1983 claim challenging the conditions of his confinement. Moreover, in attachments to his complaint, Mr. Cota did refer to the claim he sought to pursue in California as a "civil rights case that was started in California before I was extradited to Utah," "a 1983 suit," and "a tort claim that was started in California state prison [sic]." Inmate Grievance Form and Additional Privileged Mail Postage Request Form, attached to Rec. doc. 3. Mr. Cota's use of the phrase "personal injury claim," when combined with these more specific descriptions, indicates that the underlying case may have involved a challenge to the conditions of his confinement.[1]

_____

[1] We further note that, in the unpublished decision on which the district

(continued...)

We emphasize that we reach no view on the merits of Mr. Cota's access to the courts claim.[2] However, at this early stage of the litigation, sua sponte dismissal is unwarranted.

Accordingly, we REVERSE the district court's dismissal of Mr. Cota's complaint and remand for further proceedings consistent with this order and judgment.

Entered for the Court,


Robert H. Henry
Circuit Judge

---

[1](...continued)
court relied, the underlying claim that did not satisfy the prejudice requirement was a civil divorce case and thus clearly distinguishable from a § 1983 action. See Dopp v. W. Dist. of Okla., No. 04-6065, 2004 WL 1683311, at *1 (10th Cir. July 28, 2004) (dismissing an access to the courts claim and noting that the plaintiff alleged "an injury only with respect to his civil divorce litigation").

[2] From the documents attached to Mr. Cota's complaint, it appears that the Utah facility in which Mr. Cota is incarcerated has a policy of allowing indigent inmates to send five envelopes each week. Under this policy, additional postage is provided only for correspondence with "[a]ttorney(s) of record the State of Utah, Utah State Courts, or Federal Courts having jurisdiction in Utah." Rec. doc. 3 attach. (Level I Grievance Staff Response, Utah State Prison). The district court did not address the issue of whether this policy was sufficient to protect Mr. Cota's right of access to the courts, and, as a result, we too do not reach that issue here.